**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **TERENCE SEAWRIGHT**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES POSTAL SERVICE**, <br><br> Defendant. |

Case No. 14-cv-01624 (CRC)

## ORDER

Terence Seawright, a letter carrier for the United States Postal Service, filed a form *pro se* Complaint in the Superior Court of the District of Columbia in August 2014. After the Postal Service removed the case to this Court, Seawright filed additional documents attempting to advance additional claims. Together, his filings list claims for "employment discrimination, harassment, breach of contract, abuse of process," ECF No. 1-1, fraud, defamation, slander, "mental anguish," "continually malicious malice," conspiracy, pain and suffering, and harassment, ECF No. 6. The Postal Service moved to dismiss the complaint, or alternatively for summary judgment. After Seawright largely failed to respond to the Postal Service's arguments, the Court dismissed the Complaint and allowed Seawright to file an amended complaint. See Mem. Op. & Order, Feb. 11, 2015, ECF No. 14.

Seawright filed a response to the Court's order, providing only a short statement attempting to explain a few of his claims. See Response to Mem. Op. & Order, ECF No. 16. Because this cursory statement was likewise insufficient to put the Postal Service on notice of the claims he sought to pursue, the Court held a hearing on December 3, 2015 to give Seawright an opportunity to describe his allegations. The Court informed Seawright of various resources available to him as a *pro se* plaintiff, allowed him a further opportunity to amend his complaint as to certain of his

claims, and warned him that failure to respond to motions by the government could result in the dismissal of his case. See Order, Dec. 7, 2015, ECF No. 17.

Rather than amend his complaint, Seawright filed only a series of letters and other documents concerning various complaints he had lodged with his union representatives. See Response to Order, ECF No. 18. The Postal Service has again moved to dismiss the case, this time with prejudice and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and Local Civil Rule 83.23. The Service contends that it has been prejudiced by the delay created by Seawright's failures to provide factual allegations and to adequately respond to the Court's orders. Seawright filed a brief response, noting only that he was unable to obtain an attorney and conclusorily stating that he continues to experience harassment and unfair treatment at work.

Rule 41(b) provides that "a defendant may move to dismiss [an] action or any claim against it" if the "plaintiff fails to prosecute or to comply with . . . a court order." And "[u]nless the dismissal states otherwise, a dismissal under this subdivision," with certain exceptions not relevant here, "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Local Civil Rule 83.23 provides that an "order dismissing a claim for failure to prosecute shall specify that the dismissal is without prejudice, unless the Court determines that the delay in prosecution of the claim has resulted in prejudice to an opposing party."

"A court acts in its discretion by dismissing a complaint, either with or without prejudice, when a plaintiff fails to prosecute his or her case, . . . or fails to follow the court's orders." Allen v. United States, 277 F.R.D. 221, 223 (D.D.C. 2011) (citing Fed. R. Civ. P. 41(b); LCvR 83.23). Dismissal is appropriate where "the plaintiff's conduct fails to put the defendant[] on notice of the claim or interferes with the defendant['s] ability to obtain evidence relevant to the plaintiff's claims." B.R. ex rel. Rempson v. Dist. of Columbia, 262 F.R.D. 11, 16 (D.D.C. 2009).

So it is here. Seawright's failure to file a proper complaint in response to the Court's order constitutes a failure to put the Postal Service on notice of the claims Seawright seeks to lodge against it, and it interferes with the agency's ability to proceed with its defense in any way. See Stella v. Mineta, 231 F.R.D. 44, 49 (D.D.C. 2005) (granting a motion to dismiss pursuant to Rule 41(b) due to plaintiff's "failure to file a second amended complaint," which "precluded [d]efendants from offering evidence" to support their defense, and noting that defendants had "expended resources in order to file" the resulting motions). Dismissal is appropriate here notwithstanding Seawright's status as *pro se*. See Allen, 277 F.R.D. at 223 ("The court's authority to dismiss a case for failure to prosecute or failure to follow the court's orders is not discarded simply because a plaintiff is proceeding *pro se*."). That said, even though the Court has provided Seawright ample opportunity to correct the deficiencies in his filings, and warned him that failure to respond to motions by the government could result in the dismissal of his claims, the Court will exercise its discretion and dismiss this case without prejudice so as not to permanently foreclose a properly fashioned suit.

For the foregoing reasons, it is hereby

**ORDERED** that [19] Defendant's Motion to Dismiss for lack of prosecution be GRANTED IN PART and DENIED IN PART. This case is hereby DISMISSED WITHOUT PREJUDICE.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: July 20, 2016

3